**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60749

(Summary Calendar)
_____

JOSEPH ONUSUWA OKONKWO,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A29-076-979)

May 7, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph Onusuwa Okonkwo ("Okonkwo") petitions for review of an order of the Board of Immigration Appeals ("BIA") directing his deportation to Nigeria.  We affirm.

I

_____

    [*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

On January 5, 1994, the Immigration and Naturalization Service ("INS") served an order to show cause on Okonkwo, a Nigerian citizen, alleging that Okonkwo had been admitted to the United States in March 1986 as a nonimmigrant visitor with authorization to remain in the United States for a temporary period not to exceed one year and that Okonkwo had exceeded this period. The notice informed Okonkwo that the INS would not hold a hearing sooner than fourteen days from his receipt of the notice to enable Okonkwo to obtain counsel. The notice stated that Okonkwo could be represented by counsel at no expense to the government and that he would be provided a list of attorneys available to represent aliens in immigration proceedings.

On March 8, 1994, the INS sent Okonkwo another notice, informing him that his hearing was scheduled for April 12, 1994. The notice again stated that Okonkwo could be represented by counsel at the hearing and informed Okonkwo that he should have received a list of attorneys from the INS.

Okonkwo appeared without counsel before an immigration judge ("IJ") on April 12, 1994. Okonkwo admitted that he had been convicted of forgery in March 1993. He also requested additional time to obtain an attorney to represent him during the hearing. Okonkwo again received a list of attorneys to contact regarding representation. The IJ continued the hearing to April 29, 1994 to enable Okonkwo to obtain counsel and informed Okonkwo that failure to appear at the hearing would result in an immediate deportation

-2-

order.

Okonkwo appeared at the April 29 hearing, again without counsel. He explained that he had obtained an attorney, but that his attorney would not appear until Okonkwo paid the attorney's $2,500.00 fee. Okonkwo stated that he had not made any payments to the attorney and that he had three months to pay the sum.

The IJ explained that the INS would not delay the hearing for an additional three months, but told Okonkwo that he could present evidence demonstrating that Okonkwo should be permitted to remain in the United States. Okonkwo continued to request additional time to obtain counsel. The IJ ultimately denied Okonkwo's request, observing that Okonkwo had had four months to obtain counsel.

During the hearing, Okonkwo stated that he was separated from his wife, Angela Reeves, an American citizen. The IJ observed that Reeves had not filed any documents on Okonkwo's behalf and that Okonkwo had never become a conditional resident. Okonkwo did not contest this observation; he only stated that his attorney had documents regarding the marriage. The IJ found it unlikely that Okonkwo would obtain any benefits from the marriage because the couple was separated.

As he had done at the April 12 hearing, Okonkwo acknowledged that he had been convicted of forgery. The IJ admitted this evidence and found that Okonkwo was an alien who had remained in the United States longer than authorized. The IJ explained that because of Okonkwo's forgery conviction, Okonkwo was ineligible for

-3-

voluntary departure or suspension of deportation; the IJ issued an order directing Okonkwo's deportation to Nigeria.

Okonkwo, still appearing *pro se*, appealed the IJ's decision to the BIA, arguing that the IJ abused its discretion in refusing to continue the hearing to enable Okonkwo to obtain counsel. The BIA affirmed the IJ's decision, finding that Okonkwo had not demonstrated that the denial of his second request for a continuance had caused him actual prejudice or harm. The BIA also observed that Okonkwo did not apply for relief from deportation. Okonkwo appeals.

II

Through counsel, Okonkwo argues that the IJ's refusal to grant him the second continuance and his lack of counsel at the hearing deprived him of due process.[2] We review due process challenges *de novo*. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993). To sustain a due process challenge to a deportation proceeding, an alien must show substantial prejudice. *Patel v. INS*, 803 F.2d 804, 807 (5th Cir. 1986).

Okonkwo has not challenged the finding of deportability nor has he established, or even alleged, eligibility for discretionary

---

[2] We note our jurisdiction to consider Okonkwo's appeal. *See Anwar v. INS*, No. 95-60742, 1997 WL 80434, at *2 (5th Cir. Mar. 13, 1997) (holding that court of appeals retains jurisdiction of alien's due process challenge to final deportation order under Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), for issues not involved in administrative deportation decision).

relief.  Thus, Okonkwo has failed to show prejudice.  *See id.* (finding that because Patel neither challenged finding of deportability nor alleged eligibility for discretionary relief, he failed to show prejudice).  Okonkwo's remedy, if he has evidence why he should not be deported, is to file a motion to reopen before the BIA.  *See id.* (explaining that Patel had same remedy).

The decision of the Board of Immigration Appeals is AFFIRMED.